No. 57.—GEORGE FIELD and others, plaintiffs in error, *vs.* SEABORN JONES, defendant in error.   SEABORN JONES, plaintiff in error, *vs.* GEORGE FIELD and others, defendants in error.

[1.] A fund is in the hands of the Court, brought in by a bill in Chancery, through appointment of a receiver, which bill has been dismissed upon demurrer, upon a bill filed alleging that the complainant holds judgments which are levied upon the property out of which this fund proceeded as rent, and that a claim is interposed, and still pending at law; and that the defendant has no other property out of which to satisfy his judgments; and that there are outstanding judgments older than his, sufficient to absorb the value of the property itself; and that he is in danger of losing his debt, unless the fund is retained to respond, if the property on the trial of the claim is found subject: *Held*, that a Court of Chancery will order the fund to be held up against the claim of assignees of the fund (who purchased of the claimant subsequent to the date of the complainant's judgments) to await the further order of the Court, upon the result of the trial at Law

In Equity, in Muscogee Superior Court.   Decision by Judge POWERS, at November Adjourned Term, 1851.   Writs of error sued out by both parties, and consolidated by consent, in Supreme Court.

Seaborn Jones filed a bill praying an injunction and the appointment of a receiver—charging in substance as follows: That the Southern Life Insurance and Trust Company, a corporation located in Florida, having certain specified claims on different persons in Columbus, one George Field, the former cashier of the said company, took in payment of the claims certain real estate situated in the said City, and instead of taking titles to the company, caused the titles to be executed to himself, paying no consideration therefor; that Philip T. Schley, as the agent of Field, was controlling the property and receiving the rents and profits thereof; that he was subsequently, by order of the Superior Court, appointed receiver, to collect and hold this fund, subject to the order of the Superior Court; and that he had, as such, collected a large amount, which he now held subject to the order of said Court; that complainant being

the holder of bank bills of the said company, had sued out attachments thereon, returnable to the Justice's Court in the 773d District G. M., and had obtained judgments thereon, amounting to $4,800; that these attachments had been levied on the real estate above referred to, to which Field had interposed a claim, which claim was still pending; that if the said property is found subject, that there are judgment liens older than those of complainant, that would exhaust more than this property would sell for under judgment; that the Life Insurance and Trust Company has no other property within the jurisdiction of the Courts of this State; that George Field has sold his claim to the said property since the rendition of the judgments, to Alfred Iverson, William Dougherty and George Hargroves, Jr. for the sum of $5 or 6000, being less than the value of the *corpus* of the property, and not over two-thirds of the amount of rents now in the hands of the receiver; that these assignees were making every effort to get these funds out of the hands of the receiver, and if they succeed, will apply the same to their own use, in violation of the trust, and will thereby deprive complainant and the other creditors of all means of collecting their debts. The prayer of the bill was for an injunction, to restrain Schley from paying over the money in his hands, and also for the appointment of a receiver, to hold the funds and collect the future rents, to be subject to the order of the Court.

Upon applying for the sanction of the presiding Judge to this bill, the same was resisted by the assignees of Field, and after argument had, the Court granted an order sanctioning the bill, with the condition, that the receiver, Philip T. Schley, should pay over the funds in his hands to the assignees of Field, upon their giving bond in the sum equal to double the amount of the Justices' Court *fi. fas.* of complainant, conditioned to pay the complainant, (if the property is found subject to the attachments, on the final trial of the claim) all the rents, issues and profits of said property from the day of the levy to the final sale.

To this order and decision, both parties filed exceptions; the complainants assigning as error, that portion of the order

allowing the funds to be paid upon bond being given; the defendants assigning as error, the sanctioning of the bill.

The two cases were heard together in the Supreme Court.

Wm. Dougherty, for Field and others.

H. Holt and Benning, for Jones.

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] This bill alleges that the complainant *Jones* is a judgment creditor of the *Life Insurance and Trust Company*, a corporation located in *Florida*; that this corporation is owner of certain real estate in this State, (the legal title to which is in one *Fields*) subject to its debts; that a levy of his judgments has been made upon this property, and a claim interposed by *Fields*, which claim is still pending; that upon a former bill filed, one *Schley* was appointed receiver to collect and hold the rents of this property, and that as such receiver he did collect, and now holds a large sum of money; that the former bill was dismissed on demurrer; that if the property is ultimately subjected as the property of the *Life Insurance and Trust Company*, the full amount which it will bring at Sheriff's sale, will not be more than sufficient to satisfy other judgments older than his, outstanding against that Company, and that unless this fund in the hands of the receiver is held up, to be applied to his judgments, he is in danger of losing his debt; that said Company has no property other than that above referred to, within the jurisdiction; that Fields himself resides without the jurisdiction of the State, and has sold his interest in said property to Messrs. Dougherty, Iverson and Hargrave, since the rendition of his judgments, who are making every effort to get this fund out of the hands of Schley, the receiver. It prays that Schley be enjoined from paying the money in his hands to these assignees of Fields, and that a receiver be appointed to hold it and collect the future rents, subject to the order of the Court. Upon applying for a sanction to this bill, it was resisted by the

assignees of Fields. The Judge sanctioned the bill upon terms, requiring the money to be paid to the assignees of Fields, upon their giving bond and security to pay to the complainant, Jones, all the rents, issues and profits of the property, from the time of Jones' levy, until it was finally sold, if the property should be found subject to Jones' judgments, on the final trial of the claim. To this ruling, both parties excepted and brought writs of error, which, by order of this Court, upon consent of the parties, are now considered together. Col. Jones insists that the Court erred in ordering the money to be paid to Messrs. Dougherty, Iverson and Hargrave at all—holding that his bill ought to have been sanctioned unconditionally, according to its prayer—whilst they insist, that the Court erred in sanctioning the bill at all, and that they were entitled to the money unconditionally. For the better understanding of this case, I refer to the case of *George Fields and others vs. Seaborn Jones and John Schley,* immediately preceding this. This fund is the same that *Messrs. Dougherty, Iverson and Hargraves* sought to be paid to them in that case, and which *Jones and Schley* resisted, upon the ground of a pending garnishment in their favor against the receiver. Then we held that it was the duty of the Court to order the money to be paid to Fields, or his assignees, as whose money it was, under the dismissed bill originally taken, and impounded in the hands of Mr. Schley the receiver; unless withheld from so doing by the claim of some party properly brought to the cognizance of the Chancellor. The service of the garnishment, we held insufficient to restrain him from so doing. We held that this fund was in the custody of the Court, and that any person claiming an interest therein could be heard, *pro interesse suo,* as before the Master in England, and that when heard, the Chancellor would pass such order as would comport with the interests of all parties. The bill now before us is not, as was claimed for it in the argument, a creditor's bill, seeking the appropriation of a fund to the satisfaction of a debt. It asks no such appropriation. It invokes the aid of Chancery to hold up a fund, upon which the complainant will have a right to go for the satisfaction of his judgments, if upon the final decision of the claim

at Law, the property out of which it has issued as rents and profits, is found subject. It seeks to accomplish this, by restraining the present receiver from paying it over, and by the appointment of another receiver to hold it until the termination of the litigation at Law.

As a basis for these demands, it exhibits judgments in favor of the complainant upon attachment—a levy upon the property, out of which this money issued—a pending claim at Law by Fields—the fact of the non-residence of the corporation, who is defendant in his judgments—the further fact that there is no other property to be reached within the jurisdiction, and that older judgments are outstanding against the corporation, in amount large enough to cover the full value of the property itself, and that efforts are making to cause this fund to be paid over to purchasers of the same from Fields, whose title is junior to his judgments. From the case made, the complainant has judgment levies which may attach upon the property, and if so, he will have a legal right of satisfaction out of the proceeds of that property now in the hands of the Court, and the payment of which will be endangered, unless those proceeds are retained. It is a case in which Equity must give relief, or justice and right be violated. No legal remedy is now at the command of the complainant. Garnishment will not, as already decided, reach the case; and conceding that if this money is paid to the assignees of Field, an action would lie in his favor against them, in the event that the property is made subject to his judgments, yet that is not a *present* remedy, and may not *then* be a complete remedy. Besides Equity having jurisdiction over this fund now, will not, under these circumstances, fail to exercise its preventive power, and thus avoid future suits. The right to this money, as between the complainant and the assignees of Fields, depends upon the title to the property in litigation at Law, and upon principles *quia timet*. A Court of Equity will, having the fund, reserve it, subject to its own future order. The injunction is only necessary to prevent its passing wrongfully, before the Court acts, out of the hands of its officer. (*See Story's Eq. Ju.* §907) Our judgment is that the judgment of the Court below

be reversed—that a receiver be appointed to take and hold the amount he is hereby authorized to receive, and to collect and hold the future rents, issues and profits of the property; and that so much of the fund now in the hands of *Mr. Schley*, as, together with the future income of the property, will be, in the judgment of the Chancellor, sufficient to pay the principal and interest due on the judgments on attachment in favor of Col. Jones, at the determination of the claim case, and also his costs thereon, be paid by *Mr. Schley* to the newly appointed receiver, and that the balance in the hands of *Mr. Schley* be paid by him unconditionally to *Messrs. Dougherty, Iverson and Hargrove*, the assignees of *Fields*.