[Civ. No. 12084. Second Appellate District, Division Two.—February 3, 1939.]

OSCAR E. HANNO et al., Petitioners, v. THE SUPERIOR COURT OF SANTA BARBARA COUNTY et al., Respondents.

Fred A. Shaeffer for Petitioners.

T. H. Canfield for Respondents.

WOOD, J.—An action was commenced in the Superior Court of Santa Barbara County on February 7, 1938, by the petitioners herein against Santa Ynez Mercury Corp., Ltd., and William Peters and Hans Peters in which it was alleged that the plaintiffs, petitioners herein, and the individual defendants therein named were the only directors of the corporation defendant. It was further alleged that dissension had arisen between the directors and it was sought to have an accounting of the transactions of the various parties, to have the property of the corporation, a mine, sold and the proceeds divided between the parties according to their respective

interests. Upon the *ex parte* application of the plaintiffs in said action one James McCloskey was appointed receiver of and for the property of the corporation defendant. The receiver qualified and took charge of the property of the corporation. An answer was filed by the defendants in said action on July 30, 1938, in which the essential allegations of the complaint were denied and the defendants asked that the order of the superior court appointing the receiver be vacated and set aside, that the receiver be dismissed and that the costs and expenses of the receivership and damages occasioned thereby be assessed and taxed against the plaintiffs.

It is alleged in the present petition that thereafter the receiver for the corporation defendant filed a report and account and petition for allowance of fees and for instructions and that the court made an order setting the matter for hearing for October 28, 1938; that on the last-mentioned date petitioners objected to the hearing by the court and in open court delivered to the county clerk a written request for dismissal of the action; that the court thereupon instructed the clerk not to file the dismissal. Petitioners further allege that the matter was then set for hearing for November 30, 1938, and that unless restrained by this court the superior court "threatens to, and intends to, and will entertain, pass upon, hear, try and decide motions and proceedings based upon the allegations and prayer of the complaint of plaintiffs herein, now pending in said Superior Court, and will hear and determine further petitions filed by the receiver, and will hear and determine the said cause on the 30th of November, 1938, when said matter is set for trial". The respondent court has filed a return to the alternative writ heretofore issued in which it is stated that "unless prohibited by the above entitled Court in the within proceedings, the said Superior Court of the State of California, in and for the County of Santa Barbara, will proceed to settle the accounts of the said receiver, direct the disposition of the assets in the hands of said receiver, and provide for the payment of the receivership costs and expenses".

It is apparent that the only issue necessary for decision involves the question of the right of the superior court to settle the account of the receiver, to make disposition of the property in his hands and to provide for the payment of the expenses of the receivership. In *Pacific Bank* v. *Madera*

*Fruit & Land Co.,* 124 Cal. 525 [57 Pac. 462], a receiver was appointed at the request of the plaintiff upon the filing of the complaint. The receiver thereupon took charge of the property involved in the litigation. Before the issuance of summons or the appearance of the defendant the plaintiff filed written notice of dismissal and the clerk entered a judgment of dismissal. Thereafter the receiver filed his account and asked the court to settle the account and fix his compensation. The plaintiff thereupon made a special appearance and filed a motion to dismiss the account on the ground that the court had lost jurisdiction in the matter. The court denied the motion and its ruling was affirmed on appeal. The court quoted with approval from Beach on Receivers, section 796: "The end of the suit, its final adjudication, gives cause for the discharge of the receiver, but does not, *ipso facto,* effect his discharge, which results only from an order or decree of the court so directing. After the settlement of the suit the receiver must have time and opportunity to prepare and present his accounts, and for the adjustment of the details of the receivership . . . The dismissal of the action does not discharge the receiver from accountability to the court which appointed him. He is an officer of the court and subject to its orders in relation to the property placed in his hands as receiver until discharged by the court."

Manifestly, the respondent court does not intend to take any action in excess of its jurisdiction.

The alternative writ is discharged and a peremptory writ is denied.

Crail, P. J., and McComb, J., concurred.