Filed 5/20/21 Certified for Publication 6/18/21 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| COUNTY OF SACRAMENTO, | |
| Plaintiff and Respondent, | C087429 |
| v. | (Super. Ct. No. 34-2013-00145898-CU-MC-GDS) |
| KIRAN RAWAT, as Trustee, etc., et al., | |
| Defendants and Appellants. | |

The County of Sacramento (County) filed an action to abate building and housing code violations at two properties owned or managed by Raj Singh and Kiran Rawat, individually and as trustee of the SitaRam Living Trust dated 2007 and the Sita Ram Trust. The trial court appointed a receiver under Health and Safety Code

1

section 17980.7[1] to take control of and rehabilitate the properties upon the County's motion. Singh appeals from the trial court's order approving the receiver's final account and report and discharging the receiver.

As a pro. per. litigant, Singh is entitled to the same but no greater consideration than other litigants. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247 (*Nwosu*).) Accordingly, he must follow the rules of appellate procedure. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 (*Tanguilig*); *Nwosu,* at p. 1247.) Those rules require an appellate brief to support each point by argument and, if possible, by citation to authority and to provide a citation to the record for a factual assertion. (Cal. Rules of Court, rule 8.204(a)(1)(B) & (a)(1)(C).) "[W]e may disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record [citation]. We may disregard legal arguments that are not supported by citations to legal authority [citation] or are conclusory [citation]." (*Tanguilig,* p. 520, fn. omitted; accord *Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 817 (*Lipworth*).) Further, we may treat a point that is not supported by cogent legal argument as forfeited. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 [the appellate court is not bound to develop the appellant's argument for him or her]; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; *In re S.C.* (2006) 138 Cal.App.4th 396, 408-410.) Singh was advised of these appellate rules in prior appeals. (*Fernandes v. Singh* (2017) 16 Cal.App.5th 932, 942-943 (*Fernandes*); *Lipworth,* at p. 817; *Singh v. U-Save Auto Rental of America, Inc.* (Oct. 12, 2006, C049473) [nonpub. opn.].)

Many of Singh's contentions are unintelligible. We address his claims as best we can discern them. It appears he contends (1) the trial court lacked jurisdiction to consider

---

[1] Undesignated statutory references are to the Health and Safety Code.

the receiver's final account and report and petition for discharge because the County had dismissed its complaint; (2) the trial court also lacked jurisdiction because certain individuals and entities were not served with the final account and report and petition for discharge; (3) the trial court erred in approving the receiver's final account and report and discharging the receiver because the account and report was not a separate document, "[a]ll the words are from hate of County Counsel toward Singh," and the receiver did not sign the petition for discharge; (4) the trial court erred in granting the petition for discharge because County Counsel represented the receiver and the petition showed a conspiracy between County Counsel and the receiver; (5) the order appointing the receiver is subject to challenge for a variety of reasons; and (6) various additional challenges are asserted.

The County filed a motion to dismiss the appeal as frivolous, asserting that the appeal is being prosecuted for an improper, bad faith motive and is indisputably without merit. While we do not condone the filing of a frivolous appeal, we decline to dismiss the appeal and will instead consider Singh's appellate claims.

We conclude (1) the dismissal of the County's complaint did not deprive the trial court of jurisdiction to settle the receiver's final account and discharge the receiver; (2) Singh fails to demonstrate by citation to the record and factual and legal analysis that Oliver and unidentified occupants and creditors were persons or entities to whom notice of the final account and report and petition for discharge must be given; (3) we do not consider Singh's claim that "a separate document" was required because the claim is not supported by any legal authority or coherent analysis; we do not consider his claims about the lack of detail in the receiver's account and report and "hate of County Counsel" because those claims are also undeveloped; and his claim that the receiver did not sign the final account and report and petition for discharge is not supported by the record; (4) Singh's claims that County Counsel represented the receiver and that there was a conspiracy between County Counsel and the receiver are also forfeited by Singh's failure

3

to provide citations to the record supporting his factual assertions; (5) this Court dismissed defendants' appeal of the order appointing the receiver and we cannot consider any further challenges to that order; and (6) we treat Singh's claims, which are not supported by citation to legal authority and/or the record and reasoned argument, as forfeited.

We will affirm the trial court's order.

BACKGROUND

The County filed a complaint against Kiran Rawat a.k.a Karen Singh, individually and as trustee of the SitaRam Living Trust dated 2007 and the Sita Ram Trust, and Raj Singh a.k.a. Ragevendra Singh, for injunctive relief to abate violations of State and County housing and building codes and public nuisance and for the appointment of a receiver in relation to two properties located in Sacramento (hereafter the Stockton Boulevard and Baker Avenue properties). The County alleged that Rawat, as trustee of the Sita Ram Trust, owned the Stockton Boulevard property; Rawat, as trustee of the Sitaram Living Trust dated 2007, owned the Baker Avenue property; and Singh managed, controlled and derived monetary benefits from the two properties. The County further alleged that it had notified defendants of various building and housing code violations at the properties and asked defendants to correct and abate the violations but defendants had failed to do so.

The County moved to appoint J. Benjamin McGrew as receiver pursuant to section 17980.7 to take possession and control of the properties and cure the conditions that constituted a nuisance. Defendants, represented by former attorney Keith Oliver, opposed the motion.[2] The trial court granted the County's motion and appointed McGrew as the receiver on October 8, 2013.

---

[2] While Oliver apparently filed opposition briefs to the motion to appoint a receiver on behalf of defendants, Singh thereafter filed numerous motions in pro. per. The record

4

Defendants, through Oliver, filed a notice of appeal of the order appointing the receiver. This Court exercised its inherent authority to dismiss the appeal because it found that prosecution of the appeal would sanction egregious and potentially criminal misconduct. It appears from the dismissal order that Oliver claimed he did not prepare or review documents filed under his name.[3]

The receiver filed his initial report on December 12, 2013. He related that the properties were gutted shells of what were once rental housing units and there was an extensive history of transient activity at the properties. He said Singh and his attorney failed to provide information and turn over possession of the properties to the receiver. For example, the receiver asked defendants to disclose all encumbrances on the properties but Singh and his attorney did not provide any information. Nevertheless, the receiver discovered IRS liens against the properties totaling $325,970.41, and the receiver

does not contain a substitution of counsel for Singh, showing a change of legal representation before Singh filed his motions in pro. per. After Singh had filed motions in pro. per., Oliver filed a notice of appeal for defendants in relation to the order appointing McGrew as receiver. However, Singh thereafter continued to file motions in pro. per., and he did not file a substitution or withdrawal of counsel, despite the trial court's repeated admonitions to do so. Singh then filed a substitution of attorney showing a change from self-representation to representation by Oliver on the same date he filed a proof of service of a cross-complaint and a request to enter default against the County on the cross-complaint. But even though he was purportedly represented by Oliver, Singh subsequently filed more motions in pro. per., and he also filed the notice of appeal in the case before us in pro. per.

[3] Allegations were made in three appeals involving Singh and Oliver that Oliver acquiesced in acting as Singh and Rawat's "puppet." (*Lipworth, supra,* 227 Cal.App.4th at p. 824.) Oliver attested with regard to the *Lipworth* appeal that he had no knowledge of certain documents filed under his name. (*Ibid.*) This Court referred the matter to the State Bar for investigation. (*Ibid.*) Oliver was later disbarred, in part for his conduct in the *Lipworth* appeal. (*In the Matter of Oliver* (Feb. 6, 2016) State Bar Court No. 14-O-3244; *Fernandes, supra,* 16 Cal.App.5th at pp. 934-935, fns. 1 & 2 [also noting that while the pleadings in that case were captioned as by Oliver, they did not appear to have been written by an attorney].)

was trying to negotiate with the IRS to release or modify the liens. According to the receiver, the solution to most receivership cases lay in the equity and priority of liens and the IRS' decision on its liens would determine the outcome of this case. The receiver also reported that no monies had been turned over to or collected by him or identified by defendants, and the estate had no funds and cannot obtain third party funding until the issue of the IRS liens was resolved.

The receiver further reported that a fire at the Stockton Boulevard property caused injuries to people Singh had allowed to access the property after the commencement of the receivership estate. Code Enforcement reported that the structure on the Stockton Boulevard property was beyond repair and the structure could be imminently dangerous to those in or near it. The receiver, thus, asked for an order to remove the structure. The receiver said because there are no funds in the receivership estate, the County would likely have to remove the structure. The receiver asked the trial court to order Singh to cooperate and turn over all property, documents and information that had any impact on the properties and to direct the receiver to permit the demolition of the structure on the Stockton Boulevard property.

The County filed a request to dismiss the entire action without prejudice on March 13, 2015. The action was dismissed on the same date.

The receiver filed a final account and report and petition for discharge on May 18, 2018. We will discuss the final account and report below. Singh, acting in pro. per., filed an opposition to the receiver's account and report and petition for discharge, raising many of the claims he urges on appeal.

The trial court approved the receiver's final account and report, exonerated his undertaking, and discharged him from all responsibilities as receiver. Singh, acting in pro. per., appeals from that order. The notice of appeal states that defendants, including Singh, appeal from the order, but the caption and signature line identifies Singh, acting in pro. per., only. Singh is not authorized to practice law and there is no evidence that he

6

was authorized to act on behalf of Rawat or the trusts identified in the County's complaint. (Bus. & Prof. Code, § 6125 ["No person shall practice law in California unless the person is an active licensee of the State Bar."].) Therefore, the only appeal before us is the one filed by Singh.

DISCUSSION

I

Singh contends the trial court lacked jurisdiction to consider the receiver's final account and report and petition for discharge because the County had dismissed its complaint.

We begin with a brief discussion of section 17980.7, the statute under which the trial court appointed the receiver. If the owner of a property fails to comply within a reasonable time with the terms of an order or notice to repair or abate issued pursuant to section 17980.6, which authorizes the issuance of an order or notice to repair or abate when a building is maintained in a manner that violates building standards and the violations are so extensive and of such a nature that the health and safety of residents or the public is substantially endangered, the enforcement agency may seek and the trial court may order the appointment of a receiver for the substandard building. (§§ 17980.6, 17980.7, subd. (c); *City of Crescent City v. Reddy* (2017) 9 Cal.App.5th 458, 465-466.) The receiver is an agent of the court and holds assets for the court. (Cal. Rules of Court, rule 3.1179(a); *People v. Riverside University* (1973) 35 Cal.App.3d 572, 583.) If a receiver is appointed, the owner of the substandard building and the owner's agent are enjoined from collecting rents from the tenants, interfering with the receiver in the operation of the substandard building and encumbering or transferring the substandard building or real property upon which the building is situated. (§ 17980.7, subd. (c)(3).)

The trial court shall discharge the receiver when the conditions cited in the notice of violation have been remedied in accordance with the trial court's order or judgment and a complete accounting of all costs and repairs has been delivered to the trial court.

7

(§ 17980.7, subd. (c)(9).)  A receiver must present, by noticed motion or stipulation of all parties, a final account and report, a request for the discharge and a request for exoneration of the receiver's surety.  (Cal. Rules of Court, rule 3.1184(a).)  In examining the receiver's account, the court assumes the receiver is honest until the contrary appears.  (*People v. Riverside University, supra,* 35 Cal.App.3d at p. 586 [stating that examination of account is conducted in a spirit of equity].)  Unsubstantiated objections to a receiver's account do not provide a basis for refusing to approve an account.  (*Ibid.*)

The County dismissed its complaint against Rawat and Singh without prejudice about a year and five months after the order appointing the receiver issued.  The receiver subsequently filed his final account and report and petition for discharge.  Singh claims the trial court lacked jurisdiction to consider the final account and report and petition for discharge because the complaint had been dismissed.  The contention is without merit.  Dismissal of the complaint does not deprive the trial court of jurisdiction to settle the receiver's account and discharge the receiver.  (*Pacific Bank v. Madera Fruit & Land Co.* (1899) 124 Cal. 525, 526-527 [holding that although dismissal of the action ended the litigation between the parties, the trial court retained the power to settle the receiver's account]; *Hanno v. Superior Court of Santa Barbara County* (1939) 30 Cal.App.2d 639, 639-641 [" 'The end of the suit, its final adjudication, gives cause for the discharge of the receiver, but does not, ipso facto, effect his discharge, which results only from an order or decree of the court so directing.  After the settlement of the suit the receiver must have time and opportunity to prepare and present his accounts, and for the adjustment of the details of the receivership . . . .  The dismissal of the action does not discharge the receiver from accountability to the court which appointed him.  He is an officer of the court and subject to its orders in relation to the property placed in his hands as receiver until discharged by the court.' "]; see *Baughman v. Superior Court of Calaveras County* (1887) 72 Cal. 572, 573-575 [holding that the trial court had jurisdiction to hear a motion to discharge the receiver even where the plaintiff had appealed from the final judgment].)

8

Whether to approve a receiver's account and to grant or deny a motion to discharge the receiver is within the trial court's broad discretion. (*Stewart v. State* (1969) 272 Cal.App.2d 345, 350; *Hozz v. Varga* (1958) 166 Cal.App.2d 539, 544; *Sly v. Superior Court of California* (1925) 71 Cal.App. 290, 294; *Fairbank v. Superior Court of San Joaquin County* (1917) 34 Cal.App. 66, 74; see *City of Santa Monica v. Gonzalez* (2008) 43 Cal.4th 905, 931 ["Typically, . . . court rulings on receivership matters are afforded considerable deference on review."].)

## II

Singh also argues that the trial court lacked jurisdiction to consider the receiver's final account and report and petition for discharge because "the occupants," creditors like the IRS, County counsel and Oliver were not served with the final account and report and petition for discharge.

Notice of a receiver's final account and report and request for discharge must be given to every person or entity known to the receiver to have a substantial, unsatisfied claim that will be affected by the trial court's order, whether or not the person or entity is a party to the action or has appeared in it. (Cal. Rules of Court, rule 3.1184(c).) The proof of service for the final account and report and petition for discharge here shows that notice of the same was served on Singh, Rawat, the receiver, American Contractors Indemnity Co., Code Enforcement Division, and the IRS.

We presume that the trial court's judgment or order is correct and error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Singh fails to demonstrate by citation to the record and factual and legal analysis that Oliver and unidentified occupants and creditors were persons or entities known to the receiver to have a substantial, unsatisfied claim that would be affected by the order appealed from. Additionally, with regard to Oliver, defendants' counsel had been disbarred by the time the receiver filed his final account and report and petition for discharge. (*In the Matter of Oliver, supra*, State Bar Court No. 14-O-3244; *Fernandes, supra,* 16 Cal.App.5th at

9

p. 934, fn. 1.)  Oliver was not authorized to practice law and could not, therefore, represent Singh or Rawat.  (Bus. & Prof. Code, § 6126, subd. (b).)  With regard to County Counsel, it appears that County Counsel filed the final account and petition for discharge for the receiver.  Singh fails to establish that County Counsel was required to serve herself with the final account and report and petition for discharge that she had filed.

III

Singh further argues that the trial court erred in approving the receiver's final account and report and discharging the receiver because the final account and report was not "a separate document detailing the expenses, incidents, duties and much more detail," "[a]ll the words are from hate of County Counsel toward Singh," and the receiver did not sign the petition for discharge.

A receiver cannot be discharged until he or she provides the trial court with a complete accounting of all costs and repairs.  (§ 17980.7, subd. (c)(9).)  Section 17980.7 and California Rules of Court, rule 3.1175 et seq., do not mention "a separate document" and Singh does not explain his contention or cite legal authority in support.  He also fails to explain how the final account and report by the receiver lacked detail or demonstrated the "hate of County Counsel."  We do not consider undeveloped claims.  (*Maral v. City of Live Oak* (2013) 221 Cal.App.4th 975, 984-985 (*Maral*).)

The receiver's final account and report explains the actions the receiver took with regard to the receivership estate, that defendants and their attorney did not cooperate in turning over control of the properties and assets and did not provide requested information, and that the receiver did not receive any property or funds in this matter.  Singh did not provide contrary evidence in the trial court.  (*Macmorris Sales Corp. v. Kozak* (1967) 249 Cal.App.2d 998, 1003-1004 [holding that the trial court did not err in requiring the appellants to present evidence in support of their objections to the receiver's verified account].)  The receiver's final account and report did not request reimbursement

10

of any expenses nor compensation for the receiver's services.  Finally, contrary to Singh's assertion, the record shows that the receiver signed the final account and report and petition for discharge.

IV

Singh next argues the trial court erred in granting the petition for discharge because County Counsel represented the receiver and the petition showed there was a conspiracy between County Counsel and the receiver.

It appears County Counsel helped the receiver prepare the final account and report and petition for discharge but the caption for that document shows County Counsel was counsel for the County.  The caption does not state that County Counsel represented the receiver.  And Singh does not cite any portion of the record showing that County Counsel represented the receiver or that the asserted conspiracy existed.  Accordingly, his claims are forfeited.  (Cal. Rules of Court, rule 8.204(a)(1)(C); *Tanguilig, supra*, 36 Cal.App.5th at p. 520; *Nwosu, supra,* 122 Cal.App.4th at pp. 1245-1246.)

Citing *People v. Parmar* (2001) 86 Cal.App.4th 781 (*Parmar*), Singh claims that County Counsel should be disqualified from representing the County.  In *Parmar*, the district attorney filed a 250-count misdemeanor complaint against the owners of two motels, alleging public nuisance and substandard housing conditions among other things. (*Id.* at pp. 787, 790.)  The defendants moved to disqualify the deputy district attorney prosecuting the case, her immediate supervisors and entire unit pursuant to Penal Code section 1424.  (*Parmar,* at p. 787.)  Penal Code section 1424, subdivision (a) authorizes a motion to disqualify a district attorney from performing an authorized duty upon a showing that a conflict of interest exists that would render it unlikely that the defendant would receive a fair trial.  The trial court granted the motion, concluding that a contract between the district attorney's office and the Sacramento Housing and Redevelopment Agency (SHRA), by which SHRA partially funded a position in the district attorney's

11

office for the purpose of prosecuting nuisance actions, was contrary to public policy. (*Parmar,* at pp. 787-788.)

The appellate court reversed the trial court's disqualification order. (*Parmar, supra,* 86 Cal.App.4th at p. 788.) It concluded that SHRA was not a private party but was an administrative agency of the city and county; SHRA's interests were public and not private interests; nuisance abatement was a civil matter within the jurisdiction of the district attorney and in such matters, the district attorney was subject to greater direction from the county than in other respects; the use of county funds to partially fund a nuisance abatement specialist in the district attorney's office was consistent with public policy; the contract by which SHRA partially funded a position in the district attorney's office for the purpose of prosecuting nuisance actions did not require the district attorney to yield up her usual prosecutorial discretion; and the deputy district attorney's actions as the nuisance abatement attorney were appropriate to that function. (*Id.* at pp. 809-810.)

Singh fails to explain how the facts and holding of *Parmar* supports his claim that County Counsel should be disqualified in this action. And we cannot discern how *Parmar* applies to the circumstances here. We are not required to examine undeveloped claims. (*Tilbury Constructors, Inc. v. State Comp. Ins. Fund* (2006) 137 Cal.App.4th 466, 482-483 [citing cases without any discussion of their application to the present case results in forfeiture]; *Maral, supra*, 221 Cal.App.4th at pp. 984-985.)

V

Singh also raises various arguments attacking the order appointing the receiver.

The trial court's order appointing the receiver was appealable. (Code Civ. Proc., § 904.1, subd. (a)(7).) Defendants appealed from that order. But this Court dismissed the appeal.

In general, the unqualified dismissal of an appeal leaves the trial court's judgment or order standing, as if no appeal had been taken from it. (*Howard v. Howard* (1927) 87 Cal.App. 20, 26; see *Estate of Basso* (1947) 79 Cal.App.2d 758, 760-761 [the

12

judgment, having become final, is res judicata as to all matters determined by it].) Because the appeal of the order appointing the receiver was dismissed, we cannot consider any further appeal from that order. (*Linn v. Weinraub* (1948) 85 Cal.App.2d 109, 110 [the effect of an order of dismissal was affirmance of the judgment, and no second appeal from the same judgment can be maintained]; see *City & County of San Francisco v. Shers* (1995) 38 Cal.App.4th 1831, 1839-1840 [holding that an appeal from an order appointing a successor receiver cannot raise issues relating to the appropriateness of the receivership remedy because the deadline for appealing from the original order appointing a receiver had expired and cannot be resuscitated when a receiver resigns and is replaced].)

VI

Singh also makes a variety of other claims without adhering to appellate procedural rules. He argues (1) the final account and report and petition for discharge should have been served in the same manner as a summons; (2) unidentified occupants and creditors were interested parties and should have been joined as necessary parties; (3) the receiver was liable for losses to the receivership estate based on his misconduct or mismanagement, and the trial court should have required the receiver to pay defendants for those losses before discharging the receiver; (4) unidentified County officials and the receiver committed various criminal acts, including extortion, blackmail and deprivation of constitutional rights; (5) trial court judge David Brown was biased and erred in refusing to issue an order to show cause and to allow defendants discovery and in providing "relief to the County and to the Receiver without any citation and without jurisdiction;" (6) there were fires almost every week after the receiver was appointed; (7) the receiver did not perform any repairs and violated his oath and court orders; (8) the County demolished the properties without notice to the owner and assessed penalties that exceeded the value of the properties; (9) "The County and Receiver killed the public and burned several structures ON DIFFERENT OCCASIONS;" (10) the County dismissed

13

the case to prevent defendants from conducting "discovery to expose the conspiracies and illegalities;" (11) the County stole defendants' "attorney and Legal Work" and Singh's computer and the County took work product and privileged documents; (12) the County harassed defendants' process servers so that defendants could not effect personal service; (13) corrupt County officials and the receiver conspired to sell the properties to illegally obtain money through the receivership; (14) County attorneys became witnesses on different occasions; and (15) the County and the receiver violated the constitutional rights of landlords and tenants.

We treat all of the above claims as forfeited because Singh fails to support them by citation to legal authority and/or the record and reasoned argument. (Cal. Rules of Court, rule 8.204(a)(1)(B) & (a)(1)(C); *Tanguilig, supra*, 36 Cal.App.5th at p. 520; *Nwosu, supra,* 122 Cal.App.4th at pp. 1245-1246 & fn. 14; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.)

DISPOSITION

The order of the trial court approving the receiver's final account and report and discharging the receiver is affirmed. Respondent shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


           /S/

           MAURO, J.

We concur:


 /S/

HULL, Acting P. J.


 /S/

HOCH, J.

14

Filed 6/18/21

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| COUNTY OF SACRAMENTO,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KIRAN RAWAT, as Trustee, etc., et al.,<br><br>    Defendants and Appellants. | C087429<br><br>(Super. Ct. No. 34-2013-00145898-CU-MC-GDS)<br><br>ORDER GRANTING REQUEST TO PUBLISH |

APPEAL from a judgment of the Superior Court of Sacramento County, Christopher E. Krueger, Judge.  Affirmed.

Kiran Rawat and Raj Singh, in pro. per., for Defendants and Appellants.

Lisa A. Travis, County Counsel and Susan R. Masarweh, Deputy County Counsel, for Plaintiff and Respondent.

1

THE COURT:

The opinion in the above-entitled matter filed on May 20, 2021, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.


FOR THE COURT:


_____/S/_____
HULL, Acting P. J.


_____/S/_____
MAURO, J.


_____/S/_____
HOCH, J.