Filed 4/23/25  Liberation Management Satellite v. Green CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| LIBERATION MANAGEMENT SATELLITE LLC, | D083092 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2015-00009443-CU-FR-CTL) |
| TIMOTHY GREEN et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Affirmed.

Halimi Law Firm and Daniel I. Halimi for Defendants and Appellants.

Law Offices of George Rikos and George Rikos for Plaintiff and Respondent.

## INTRODUCTION

Timothy Green and Apollo Satellite Communications, LLC (Apollo) (sometimes collectively, defendants) filed a notice of appeal on November 1, 2023.  Their opening brief challenges three orders.

The first order added Apollo as a judgment debtor to a victim restitution judgment against Green. The second order imposed $50,000 in sanctions on Apollo and $50,000 in sanctions on Green. As we explain, we do not have jurisdiction to address these two orders because they were not timely appealed.[1] (Cal. Rules of Court, rule 8.104.)[2]

The third order challenged by Green and Apollo directed them to pay outstanding fees to a court-appointed receiver. Defendants claim the order violated the parties' settlement agreement. We disagree and affirm.

PROCEDURAL OVERVIEW

On March 19, 2015, Liberation Management Satellite, LLC (Liberation) sued Apollo, Green, and two other defendants. The operative complaint alleged causes of action for negligence, fraud, conspiracy to defraud, conversion, violation of Business and Professions Code section 17200, and misappropriation of trade secrets. Liberation sought declaratory relief, injunctive relief, and damages.

On October 23, 2018, Green pled guilty in a related criminal proceeding, *People v. Green*, San Diego Superior Court case No. SCD275923, to one count of possession of personal identifying information of 10 or more individuals with intent to defraud (Pen. Code, § 530.5, subd. (c)(3)). On October 21, 2019, the court issued a victim restitution order against Green and a co-defendant in the amount of $3,613,600.39 payable to Liberation.

From this point forward, as recounted in detail by the parties, the focus of Liberation in the underlying proceedings shifted from litigation of the

[1] We invited the parties to submit supplemental briefs on this question and we have considered their submissions.

[2] Undesignated rules citations are to the California Rules of Court.

causes of action it had asserted in the operative complaint to the enforcement of the victim restitution order against Green as a civil money judgment pursuant to Penal Code section 1202.4, subdivision (i).  The enforcement proceedings were directed, in particular, at Green's membership interest in Apollo, a limited liability company.

In 2019, the trial court issued a preliminary injunction enjoining Green and his co-defendant from directly or indirectly selling, transferring, or assigning Apollo's assets.  The court appointed a receiver to oversee Apollo's day-to-day business.  The court also ordered the receiver to prepare an in-depth summary of Apollo's finances.  Pursuant to subsequent court orders, the receiver remained in place during the pendency of the underlying action.

The receiver's duties at first were limited to monitoring Apollo's business operations, reporting to the court on its finances, and investigating its compliance with the preliminary injunction.  In 2022, the court granted Liberation's request for a charging order against Green's membership interest in Apollo and directed the receiver to collect any distribution made to Green.  A few months after the charging order issued, the court granted Liberation's request to foreclose on it.  Six months after that, the court ordered the receiver to take full control of Apollo's operations.  The executed formal order was filed in February 2023.

In June 2023, the parties signed a settlement agreement and Liberation dismissed the action with prejudice.  The trial court entered judgment on October 26, 2023.  Green and Apollo filed a notice of appeal six days later, on November 1, 2023.

DISCUSSION

I.

*Untimely Appeal from the Trial Court's Order Enforcing the Victim Restitution Judgment*

As noted, Liberation obtained a victim restitution order in the amount of $3,613,600.39 against Green in the related criminal proceeding. Liberation was entitled to enforce the restitution order in the same manner as a civil money judgment. (Pen. Code, § 1202.4, subd. (i).) Accordingly, on February 20, 2020, an abstract of judgment for the full amount of the restitution order issued against Green. And on November 7, 2022, the trial court granted Liberation's motion to enforce the judgment against Apollo as an additional judgment debtor on the theory Apollo is the alter ego of Green. (See generally, *Curci Investments, LLC v. Baldwin* (2017) 14 Cal.App.5th 214, 222–223.) The court found that Green had "exclusive control over Apollo . . . such that there [was] a unity of interest and it would be inequitable to allow . . . Green to escape having to compensate [Liberation] by using Apollo as a vehicle to safeguard his assets."

Green and Apollo challenge this order in their opening brief on appeal, contending the trial court abused its discretion for several reasons when it ruled Green and Apollo were alter egos. But as we explain, we have no jurisdiction to address these contentions because Green and Apollo failed to timely appeal from this particular order. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.)

Subject to certain exceptions not relevant here, the outside deadline for filing a notice of appeal is 180 days after entry of an appealable order. (Rule 8.104(a)(1)(C) & (e).) The trial court here entered the order in its minutes on November 7, 2022. (Rule 8.104(c)(2).) By statute, the order was an

4

immediately appealable order because it was made after an appealable judgment that affected and enforced it.  (Code Civ. Proc.,[3] § 904.1, subd. (a)(2); *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651–652 [explaining that it has been the rule "for more than a century" that post-judgment enforcement orders are immediately appealable].)  Green and Apollo, however, did not file their notice of appeal until November 1, 2023, more than 180 days after the order's entry in the minutes.  The notice of appeal therefore did not result in a timely appeal from the order.  (Rule 8.104(b).)

Apollo and Green contend "the order adding Apollo as a judgment debtor was interlocutory because it did not resolve Liberation's pending civil claims."  Defendants are mistaken.  They misunderstand the two separate functions—relating to two separate judgments—that were undertaken by the trial court in the underlying proceedings.

The trial court here presided over the civil action that Liberation filed seeking declaratory relief, injunctive relief, and damages.  *In addition*, after the victim restitution order and judgment issued in the separate criminal action, the court presided over Liberation's efforts to enforce the restitution order as a civil money judgment pursuant to Penal Code section 1202.4, subdivision (i).  The court's order adding Apollo as a judgment debtor applied to the restitution judgment in the criminal case; it had nothing to do with the civil causes of action Liberation asserted in the underlying complaint.  The civil judgment resolving the civil causes of action pursuant to the parties' settlement agreement did not even exist at the time the court issued the order on November 7, 2022.  Judgment on the civil causes of action was

---

[3]    Undesignated statutory citations are to the Code of Civil Procedure.

entered almost a year later, pursuant to the parties' settlement agreement, on October 26, 2023.

The cases cited by defendants in their supplemental brief are inapposite. This is not a case where causes of action were "ordered to be tried separately." (See *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743.) Nor was the trial court's order a postjudgment *discovery* order. (See *SCC Acquisitions, Inc. v. Superior Court* (2015) 243 Cal.App.4th 741, 748–750 [explaining that postjudgment discovery orders may not be directly appealable under some circumstances].) The notice of appeal from the court's order enforcing the victim restitution judgment was untimely.

## II.

### *Untimely Appeal from the Trial Court's Sanctions Order*

On April 17, 2023, the trial court imposed sanctions against Green and Apollo for violating its orders. The court ordered them to pay $50,000 each. The court explained the basis for the sanctions order was that defendants violated a "changing order" that was in place "by ceasing operations and distributing [Apollo's] physical assets to contractors as compensation for service rendered." On April 21, 2023, the receiver served Green and Apollo with notice of entry of the order.

In the opening brief, Green and Apollo contend the sanctions order is invalid because the trial court imposed it without complying with procedures that are required by statute. Green and Apollo have also failed to timely appeal from this order.

Although the outside date for filing a notice of appeal is 180 days after entry of an appealable order, the deadline is shortened to 60 days after service if the party filing the notice of appeal has been served with notice of entry or a file-endorsed copy of an appealable order or judgment. (Rule

6

8.104(a)(1)(B) & (e).)  The receiver here served Green and Apollo with notice of entry of the sanctions order on April 21, 2023.  Orders "directing payment of monetary sanctions by a party" are immediately and separately appealable by statute if, as was the case here, "the amount exceeds five thousand dollars ($5,000)."  (§ 904.1, subd. (a)(12).)  Nevertheless, Green and Apollo did not file their notice of appeal until November 1, 2023, more than 60 days after service of notice of entry.  As a consequence, it did not result in a timely appeal from the sanctions order.  (Rule 8.104(a)(1)(B) & (e).)

Defendants contend they may challenge the trial court's imposition of sanctions because they "are not appealing the April 17, 2023 sanctions order." They claim "[t]hat order was expressly set aside and vacated" pursuant to section 663.  They claim it was replaced with a new "operative and appealable" order that issued on June 1, 2023.  They are incorrect.

On May 2, 2023, defendants filed an ex parte application that sought to "set aside" or "vacate" the sanctions order pursuant to section 663.  After briefing by both parties and the receiver, the court ruled on defendants' motion on June 1, 2023.  The court treated defendants' motion as a motion for reconsideration.[4]  (See § 1008.)  And the court *denied* relief.  The ruling specifically did not vacate the court's prior order imposing sanctions against Green and Apollo.  It left the order in place and merely amended the rationale for imposing sanctions that was set forth in the court's minute

---

[4]     Consistent with its inherent power to manage and control its docket, a court may construe a motion bearing one label as another type of motion. (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 192– 193.)  The trial court here was without jurisdiction to consider a motion to set aside the sanctions order pursuant to section 663.  Section 663 applies to final judgments only.  The specific definition of "judgment" in this context is "the final determination of the rights of the parties in an action or proceeding."  (§§ 577, 663.)

7

order.  The court stated it would "amend its order of April 17, 2023 as follows: [¶] [t]he last paragraph of the order will be stricken and replaced with the following: [¶] The basis for the sanctions is that the court prohibited the defendants from directly or indirectly selling, transferring and/or assigning any assets of Apollo . . . and the defendants violated the order by ceasing operations."

An order denying a motion for reconsideration is not separately appealable.  (§ 1008, subd. (g).)  The order is reviewable on appeal from the original order for which reconsideration was sought.  (*Ibid.*)  As explained, however, Green and Apollo did not timely appeal from the trial court's April 17, 2023 sanctions order.

We recognize the trial court's ruling says that defendants' motion for reconsideration was "granted."  Manifestly, however, the motion *itself* was not granted.  It was denied.  The sanctions order remained in place.  Accordingly, we understand the court's statement to memorialize the fact it *granted a hearing* on the motion for reconsideration.  Consistent with long-standing case law, "the mere *grant of a hearing* on a motion for reconsideration of an appealable order should *not* be interpreted as vacating that order."  (*Annette F. v. Sharon S.* (2005) 130 Cal.App.4th 1448, 1457.)  "[I]t would result in a non sequitur if the mere grant of a hearing on [such] motions by a trial court had the effect of vacating the judgments (or appealable orders) being challenged."  (*Ibid.*)  The determination whether a court action results in an appealable order or judgment is based on the " 'substance and effect' " of the order, and not its label or form.  (*Los Angeles Time v. Alameda Corridor Transportation Authority* (2001) 88 Cal.App.4th 1381, 1388.)

8

The Rules of Court do provide that the denial of a *valid* motion to reconsider an appealable order extends the time to appeal from that order until the earliest of (1) "30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order," (2) "90 days after the first motion to reconsider is filed," or (3) "180 days after entry of the appealable order." (Rule 8.108(e).) But this rule is no help to defendants for two reasons.

First, the motion for reconsideration was procedurally defective because it was filed one day late. The receiver served Green and Apollo with notice of entry of the sanctions order on April 21, 2023. To be valid, a motion to reconsider must be filed "within 10 days after service upon the party of written notice of entry of the judgment." (§ 1008, subd. (a).) But defendants' motion was not filed until 11 days later on May 2, 2023. The failure to timely file was jurisdictional. (§ 1008, subd. (a).)

Second, the extension of time, had it been valid, would only have extended the time to appeal by 90 days, making it due on July 31, 2023. (Rule 8.108(e).) Even under this scenario, the notice of appeal filed on November 1, 2023 was too late.

We do not have jurisdiction to address defendants' challenge to the trial court's order imposing sanctions against them.

### III.

*The Trial Court's Allocation of Outstanding Receiver Fees Did Not Violate the Settlement Agreement*

The remaining contention of Green and Apollo on appeal is a challenge to an order directing them to pay "100 [percent]" of the outstanding fees owed

9

to the receiver at the time of dismissal.[5]  They claim the order violated the parties' settlement agreement.  We disagree.

When interpreting a settlement agreement, we apply the general rules of contract interpretation.  (*Khavarian Enterprises, Inc. v. Commline, Inc.* (2013) 216 Cal.App.4th 310, 318 (*Khavarian*).)  "The goal of contractual interpretation is to determine and give effect to the mutual intention of the parties."  (*Safeco Ins. Co. v. Robert S.* (2001) 26 Cal.4th 758, 763.)  To the extent we interpret a settlement agreement or other contract without resort to extrinsic evidence, as we do here, we apply a de novo standard of review. (*St. Paul Mercury Ins. Co. v. Mountain West Farm Bureau Mutual Ins. Co.* (2012) 210 Cal.App.4th 645, 654.)

The parties entered into a settlement agreement on June 13, 2023. Relevant here, the receiver was still in full control of Apollo's operations at that time.  The settlement agreement addressed the status of the receivership by requiring the parties "to mutually seek a court order terminating the [r]eceivership appointment" after defendants made an initial payment to Liberation.

On June 23, 2023, the trial court conducted a status conference. Defendants reported they made the first settlement payment to Liberation, and Liberation reported it would therefore dismiss the case within five days in accordance with the terms of the agreement.  The court agreed it would retain jurisdiction to enforce the settlement agreement after dismissal

---

[5]     The receiver's order was entered in the trial court's minutes on August 4, 2023 and no one served Green and Apollo with a notice of entry. Defendants therefore had 180 days to appeal.  (Rule 8.104(a)(1)(C).)  Their notice of appeal from the receiver's order allocating outstanding fees was therefore timely filed on November 1, 2023.

pursuant to section 664.6.  The court also suspended the receiver's duties until further order of the court.

The trial court and the parties then discussed the receiver's outstanding fees and the anticipated permanent discharge of his duties.  The outstanding receiver's fees incurred at this time was estimated to be $40,000.  Previous payments to the receiver had been apportioned between the parties with one-third paid by Liberation and two-thirds paid by Apollo and Green.  Liberation asked the court to order Green and Apollo to pay the receiver's entire outstanding balance.  The court set a hearing to address payment of the receiver's fees for July 24, 2023, and asked the parties to brief the issue.

On June 30, 2023, the parties stipulated to termination of the receivership and Liberation dismissed the case with prejudice.  The parties' stipulation to terminate the receiver was approved by the court a few days later, on July 5.

On July 24, 2023, the trial court ordered defendants to pay the receiver's fees.  In a written order filed August 4, the court clarified that defendants were "ordered to pay 100 [percent] of the [r]eceiver's fees."  The court's ruling did not explain its reasoning.

On appeal, Green and Apollo contend the trial court's allocation of the receiver's fees is invalid because it violated paragraph 8 of the settlement agreement.  Paragraph 8 provides that "[e]ach party shall bear their own attorneys' fees and costs in the [a]ction."  In defendants' view, the agreement that each party would bear its own costs "include[d] the costs of the receiver as already apportioned between the parties."  And in light of the agreement, which did not ask the court to identify a prevailing party and award costs, the court lacked authority to direct defendants to pay 100 percent of the

11

outstanding receiver's fees. (See *Khavarian, supra,* 216 Cal.App.4th at p. 319.) We are not persuaded.

Defendants' contention—that the settlement agreement stipulated that each party would bear its *own* costs—misses the question presented here: Who was responsible for paying costs *incurred by the court* (in the form of receiver fees) and not yet paid by either party? "A receiver is an agent and officer of the court . . . and is under the control and supervision of the court. . . . The receiver is also a fiduciary who must act for the benefit of *all parties* interested in the property." (*City of Chula Vista v. Gutierrez* (2012) 207 Cal.App.4th 681, 685, citation omitted, italics added (*Chula Vista*).) The settlement agreement did not address the question of costs incurred by the court. "Receivers are entitled to compensation for their own services and the services performed by their attorneys." (*Ibid.*) The trial court properly discharged its duty to ensure the receiver was paid by appropriate means when it ordered defendants to pay his outstanding fees, a responsibility not assigned by the settlement agreement.

The trial court had "broad discretion in determining who [was] to pay the expenses of [the] receivership." (*Chula Vista, supra,* 207 Cal.App.4th at p. 686.) "Generally, the costs of a receivership are paid from the property in the receivership estate. However, courts may also impose the receiver costs on a party who sought the appointment of the receiver or apportion them among the parties, depending upon circumstances." (*Id.* at pp. 685–686 [cleaned up].)

The court also had jurisdiction to apportion the outstanding fees after the case was voluntarily dismissed. "Dismissal of the complaint does not deprive the trial court of jurisdiction to settle the receiver's account and discharge the receiver." (*County of Sacramento v. Singh* (2021) 65

Cal.App.5th 858, 866.) " 'He is an officer of the court and subject to its orders in relation to the property placed in his hands as receiver until discharged by the court.' " (*Hanno v. Superior Court of Santa Barbara County* (1939) 30 Cal.App.2d 639, 641.) " 'After the settlement of [a] suit the receiver must have time and opportunity to prepare and present his accounts, and for the adjustment of the details of the receivership.' " (*Ibid.*)

The court, too, had authority to reallocate payment of the receiver's expenses in a way that differed from its prior order directing Liberation to pay one-third and defendants to pay two-thirds of prior balances. That order was an "interim order," subject to reconsideration upon termination of the receivership and final accounting. (*Southern California Sunbelt Developers, Inc. v Banyan Limited Partnership* (2017) 8 Cal.App.5th 910, 924–926, 930 (*Sunbelt Developers*).)

Defendants contend the trial court was precluded by the parties' settlement agreement from awarding costs, including receiver's fees, to the prevailing party pursuant to section 1032. This provision of the Code of Civil Procedure "explicitly provides that parties to litigation are permitted to agree on their own method of awarding costs" at the conclusion of litigation. (*Khavarian, supra,* 216 Cal.App.4th at p. 319.) As allowed by section 1032, subdivision (c), the parties stipulated in paragraph 8 of their agreement to an alternate procedure for awarding costs in the litigation. (See §§ 1032, subd. (c), 1034.)

We agree that paragraph 8 of the settlement agreement precluded the trial court from assigning payment of the receiver's fees *pursuant to section 1032.* Here, however, the court did not order the payment of receiver's fees in conjunction with statutory procedures that permit cost-shifting at the end of litigation. The court ordered payment in conjunction with the final

13

accounting and discharge of the receiver's duties.  (Compare *Sunbelt Developers, supra,* 8 Cal.App.5th at pp. 931–934 with *id.* at pp. 925–927.) The settlement agreement was silent on the allocation of receiver's fees upon termination of the receivership.  The court did not violate its terms when it ordered defendants to pay 100 percent of the outstanding fees.

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to Liberation. (Rule 8.278(a)(2).)

DO, Acting P. J.

WE CONCUR:

CASTILLO, J.

RUBIN, J.