Filed 12/30/21  Thomas v. Croskrey CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| DENISE THOMAS, | B299272 |
| Plaintiff and Appellant, | Los Angeles County Super. Ct. No. BC701476 |
| v. | |
| CARLY RAE CROSKREY et al., | |
| Defendants and Respondents. | |

APPEAL from orders of the Superior Court of Los Angeles County, Richard L. Fruin, Jr., Judge.  Affirmed with directions.

Ernest Calhoon for Plaintiff and Appellant.

Nemecek & Cole, Jonathan B. Cole, Mark Schaeffer, and Janette S. Bodenstein for Defendants and Respondents.

_____

The trial court granted a special motion to strike Denise Thomas's complaint and awarded attorney fees to her opponents. Thomas asks us to reverse through a deficient brief that disregards appellate rules and fails to demonstrate error. We affirm.

## I

Thomas's opening brief is heavy on accusations but light on relevant details. It provides no chronology and little that we can follow about the procedural history of this case.

We know Thomas sued her ex-husband's former lawyer, Carly Rae Croskrey, and Croskrey's law firm. Thomas's lawsuit springs from statements Croskrey supposedly made in underlying family law litigation between the ex-spouses.

Croskrey responded with a special motion to strike Thomas's amended complaint as a strategic lawsuit against public participation under Code of Civil Procedure section 425.16, the anti-SLAPP statute. Thomas tried to forestall a ruling for various reasons, but the trial court ultimately granted Croskrey's anti-SLAPP motion and a later motion for attorney fees.

Though she concedes she "barely opposed" the anti-SLAPP motion, Thomas challenges the trial court's rulings and numerous aspects of the proceedings. In an unfocused and inflammatory opening brief, Thomas appears to complain about, among other things, *possibly* insufficient notice of the anti-SLAPP motion. She also faults the trial court for refusing to grant a continuance, to address requests for disability accommodations, to enforce subpoenas, to permit oral objections to Croskrey's evidence, and to allow testimony at the hearings.

## II

Thomas's deficient opening brief dooms her appeal.

2

We presume the trial court reached the right result. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Accordingly, the appellant must demonstrate error or will lose the appeal. (*Ibid.*)

Claiming error is not enough. Appellants must support their contentions with cogent argument, meaningful legal analysis, pertinent legal authority, and adequate record citations. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146, 153, 156 (*United Grand*); *Fernandes v. Singh* (2017) 16 Cal.App.5th 932, 942–943 (*Fernandes*); Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).) They also must provide a summary of significant facts of record and must state the facts fairly. (*Fernandes*, at pp. 940–941; Cal. Rules of Court, rule 8.204(a)(2)(C).)

Thomas has not discharged these duties. Her brief is deficient in many ways.

It lacks an acceptable factual presentation as well as acceptable legal argument.

Thomas's factual statement leaves us wondering what happened at the trial court. Instead of outlining the proceedings and the matters before the court, the "Factual Outline" is simply argument and levels outlandish and seemingly unsupported accusations at Croskrey, Thomas's ex, and the trial court. This is unacceptable. (See *Fernandes*, *supra*, 16 Cal.App.5th at p. 941.)

Thomas's legal arguments violate appellate principles. They are scattershot, unconnected to clear headings, and mostly unsupported by legal citations. (See, e.g., *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655 [appellant must present legal authority on each point made or risk forfeiture].)

Although this is an anti-SLAPP case, Thomas cites only one anti-SLAPP authority in her 44-page opening brief: *Sweetwater Union High School District v. Gilbane Building Co.* (2019) 6 Cal.5th 931. This case is inapposite. Thomas tried to get defendant Croskrey to testify at the SLAPP hearing—something *Sweetwater* did not address.

Where Thomas provides authority, she does not present a cogent legal argument. We will not develop Thomas's arguments for her. (*United Grand*, *supra*, 36 Cal.App.5th at p. 153.)

We give an example of Thomas's deficient briefing.

Thomas complains about Croskrey's "ridiculous and overwhelming" fee request and the resulting award, arguing the award should have been far less. Her brief provides no authority regarding attorney fees. Nor does it attack any particular component of Croskrey's fee request. Nor does it cite any relevant portion of the record in this discussion. Nor does it acknowledge the absence of a reporter's transcript of the fee hearing.

Much of Thomas's brief is incoherent and indecipherable.

One heading is nearly a page long.

The brief includes five pages of rambling objections Thomas admits she never made in the trial court.

Thomas argues about requests for accommodation she concedes are not in the record.

Her argument section includes lengthy excerpts from the reporter's transcript that go on for 15 pages; otherwise, the argument largely avoids record citations. This is improper. (See *Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1 (*Sheily*).)

4

When an appellant does not refer to the record for points urged on appeal or fails to develop those points with cogent argument and adequate legal analysis, we may treat those points as forfeited. (*United Grand*, *supra*, 36 Cal.App.5th at pp. 156 & 161–162; *Sheily*, *supra*, 122 Cal.App.4th at p. 826, fn. 1; *Fernandes*, *supra*, 16 Cal.App.5th at pp. 942–943; see also *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324 ["[A]n appellant must not only present an analysis of the facts and legal authority on each point made, but must also support arguments with appropriate citations to the material facts in the record. If he fails to do so, the argument is forfeited."].)

Thomas has forfeited her claims on appeal through her deficient briefing. She also failed to show error. (See *United Grand*, *supra*, 36 Cal.App.5th at pp. 153 & 156.)

### III

Croskrey and her firm argue they should recover attorney fees and costs as the prevailing parties on appeal. This argument is correct. (Code Civ. Proc., § 425.16, subd. (c); *GeneThera, Inc. v. Troy & Gould Prof. Corp.* (2009) 171 Cal.App.4th 901, 910.)

### DISPOSITION

We affirm and remand this matter to the trial court to determine an appropriate award of appellate fees and costs to respondents.


WILEY, J.

We concur:



GRIMES, Acting P. J.          STRATTON, J.


5