Filed 8/16/22  Marriage of Lee and Gougher CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of MARLIN LEE and QUEEN ANN GOUGHER. | 2d Civil No. B311508<br>(Super. Ct. No. 19FL02685)<br>(Santa Barbara County) |
| MARLIN LEE GOUGHER,<br><br>　　Appellant,<br><br>v.<br><br>QUEEN ANN GOUGHER,<br><br>　　Respondent. | |

　　Proceeding in propria persona, Marlin Lee Gougher (husband) appeals from the judgment dissolving his nine-year marriage to Queen Ann Gougher (wife).  Judgment was entered following a court trial conducted via Zoom.  Wife was represented by counsel; husband represented himself.  The family court divided the parties' property and ordered that husband make an

equalizing payment to wife of $659.47.  Although husband requested monthly spousal support of $1,000, the family court did not order spousal support.  We affirm.

### The Court Trial

The family court's minutes state:  "[Husband] testifies on his own behalf.  He is currently incarcerated in a federal prison and requests that he be appointed counsel.  The court explains that attorneys are not appointed in a civil dissolution action.  He represents that he needs certain documents."

### Husband's Contentions on Appeal Are Forfeited

Husband submitted an opening brief that he had prepared while in prison.  Wife did not file a brief.  Husband contends that the family court committed "prejudicial error" by refusing to grant his pretrial request for a continuance.  He asserts that the court "forced me to continue without an attorney" and without "discovery, that only an attorney could have obtained as I did not [ha]ve any outside help . . . ."

In addition, husband claims that the family court judge "err[]ed in not changing the separation date when I told him that I erred when I filled in the date, . . . which would have cha[n]ged all the computations and would have effected [*sic*] the outcome of the financial award and spousal support."

The family court's minutes do not show that husband requested a continuance of the trial or a change in the parties' separation date.  There is no reporter's transcript, settled statement, or agreed statement.  The record, therefore, is inadequate to support husband's claims of error.  "It is well settled . . . that a party challenging a judgment has the burden of showing reversible error by an adequate record.  [Citations.] Because [husband] has failed to provide such a record, we have

2

no occasion to consider further the merits of his []appeal." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575.)

Moreover, husband's claims of error are not supported by meaningful legal argument with citations to pertinent authority and facts in the record. "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.'" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; see also *Fernandes v. Singh* (2017) 16 Cal.App.5th 932, 942-943 ["a brief must contain "'meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error'" . . . or else we will deem all points 'to be forfeited as unsupported by "adequate factual or legal analysis"'"].)

"[Husband] is not exempt from the foregoing rules because he is representing himself on appeal in propria persona. Under the law, a party may choose to act as his or her own attorney. [Citations.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citations.] Thus, as is the case with attorneys, pro. per. litigants must follow correct rules of procedure. [Citations.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

*Disposition*

The judgment is affirmed. The parties shall bear their own costs on appeal.

3

NOT TO BE PUBLISHED.


                                        YEGAN, J.


We concur:


        GILBERT, P. J.


        PERREN, J.*

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4

Jed Beebe, Judge

Superior Court County of Santa Barbara

_____

Marlin Lee Gougher, in propria persona, for Appellant.

No appearance by Respondent.