Filed 3/14/23  Nararrete v. Rotter CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| IRMA B. NAVARRETE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SAM ROTTER,<br><br>    Defendant and Appellant. | 2d Civ. No. B318422<br>(Super. Ct. No. 56-2021-00558386-CU-HR-VTA)<br>(Ventura County) |

Sam Rotter appeals a civil harassment restraining order issued in favor of Irma B. Navarrete, respondent.  He also appeals from an order denying his special motion to strike the petition for a restraining order.  (Code Civ. Proc., § 425.16, subd. (i).)[1]  In the trial court and on appeal, both parties appeared in

---

[1] Unless otherwise stated, all statutory references are to the Code of Civil Procedure.

propria persona.  We affirm because appellant has failed to carry his burden on appeal.

*Procedural History*

In September 2021 respondent filed a petition for a civil harassment restraining order against appellant.  The trial court issued a temporary restraining order.  In November 2021 appellant filed a special motion to strike the petition pursuant to section 425.16, commonly known as the anti-SLAPP statute.

A court trial was conducted in December 2021.  The court denied appellant's special motion to strike.  It issued the requested restraining order.  The order will expire on December 30, 2023.

*Trial Testimony*

Appellant did not testify and did not call any witnesses. Respondent testified as follows: She rented a room in her house to appellant.  He moved in on October 31, 2020.  Five days later, she asked him to move out.  Appellant threatened, "'I will beat you up.'"  On November 27, 2020, he again threatened to beat her up.

On December 3, 2020, appellant came to the house in the evening.  He was accompanied by police officers.  "[H]e start[ed] yelling and screaming that [respondent] took his belongings out [of his room]."  He told the police that she had "kick[ed] him out when he already paid for the room."  Appellant kicked the front door of the house and threw a rock at it.  The rock broke a glass window in the door.

The officers appeared to leave.  Using a metal object, appellant shattered two windows on the side of the house.  He said to respondent, "I'm going to kill you."  Respondent called 911.  Appellant was arrested.

Two days later, between 10:00 p.m. and midnight appellant parked his car outside respondent's house. When respondent walked outside, appellant drove away.

A few days later, respondent's car was vandalized. In April 2021 someone shot a BB gun at her car and broke the windshield. In December 2021 her residence was "egged."

Respondent's neighbor, Lenny Dillon, testified on her behalf. At about 7:00 p.m. on December 3, 2020, he saw appellant throw an approximately 7-inch x 5-inch x 2-inch piece of concrete at respondent's house. It hit the front door. The police were there, and they told appellant to leave the property. Appellant left, but he returned about three minutes later after the police had departed. He "grabbed a dolly from the side of the house." The dolly had two wheels. Using the dolly, he broke two of the house's windows. He yelled that he "was going to kill" the people inside the residence. He struck respondent's "roommate . . . with the dolly." The police arrested appellant.

*Trial Court's Ruling*

The trial court stated that respondent's testimony had been corroborated by her neighbor's testimony and a video of the December 3, 2020 incident. The court continued, "Here, there's a landlord/tenant relationship, but that does not justify the act of vandalism of throwing that rock . . . at the front door and then moments later . . . breaking the windows of the house. [¶] There was no corroboration to the BB gun allegation on the car, to the egging. But those acts of vandalism [throwing the rock and breaking the house's windows] and the threat made [have] been sufficiently corroborated. The petitioner has met the requisite burden of proof. The restraining order against [appellant] is granted."

3

*Requests to Augment the Record and For Judicial Notice*

On September 27, 2022, appellant filed a motion to augment the record on appeal with two exhibits attached to the motion. The motion is denied because the exhibits were not before the trial court in the present action. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 ["Augmentation does not function to supplement the record with materials not before the trial court"].)

On December 8, 2022, respondent filed a request to take judicial notice of clear copies of exhibits attached to her request for a restraining order filed on September 27, 2021. The same exhibits appear in the Clerk's Transcript at pages 12-40. We grant the request. (Evid. Code, §§ 452, subd. (d), 459.)

*Appellant's Contentions*

Appellant contends:

(1) The evidence is insufficient to support the restraining order. "This case concerns a landlord . . . committing a SELF-HELP eviction . . . on a 73 year old senior citizen (Rotter) expecting to get away with it by foisting a cock and bull story of self-inflicted homelessness and then turning an attempted tenant reentry into a SLAPP harassment Restraining order." "There are no statutes or cases that can support [respondent's] criminality. She has only her fabrications muckraking and vituperations to fall back on."

(2) The trial court erroneously denied appellant's anti-SLAPP motion. "The cause of action motivating the ANT[I]-SLAPP motion . . . was to fight a matter of public significance, 'SELF-HELP EVICTION'." "So essentially the protected activity . . . is appellant's right to petition against the Public Issue of 'SELF-HELP EVICTION' perpetrated by [respondent]."

4

(3) Respondent is not entitled to a restraining order because she "came to the court with 'Unclean Hands.'"

(4) The litigation of respondent's harassment claim was barred by the doctrine of collateral estoppel, also known as "issue preclusion."

(5) The trial court erroneously overruled appellant's objection "to the injection of a witness testimony during the hearing."

(6) The trial court erroneously overruled appellant's objection "to the viewing of [a] doctored video . . . .  The court cut short [appellant's] full explanation of the multiple reasons for [his] objection which was a violation of judicial discretion."  "No foundation was laid by the respondent of the DVD proving its authenticity or explaining the circumstances of its editing."

(7) "The playing of that DVD represented a violation of [Penal Code section] 632," which makes it unlawful to record confidential communications without the consent of all parties to the communications.

(8) Respondent "refused to provide" to appellant portions of the video tape that were favorable to appellant.  "[T]his constitutes FRAUDULENT CONCEALMENT and SUPPRESSION OF EVIDENCE."

(9) The trial court permitted a photo to be "distorted by hand drawn non-existent street lights."  "When the appellant tried to object and clarify that the pictures showed no street lights the court cut [him] off . . . ."

*Appellant Failed to Carry His Burden on Appeal*

"'A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error

5

must be affirmatively shown. . . .'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

The California Rules of Court provide: "An appellant's opening brief must . . . [p]rovide a summary of the significant facts limited to matters in the record." (*Id.*, Rule 8.204(a)(2)(C).) Each factual reference must be supported "by a citation to the volume and page number of the record where the matter appears." (*Id.,* Rule 8.204(a)(1)(C).)

The requisite factual summary is missing from appellant's opening brief. Instead of setting forth the facts underlying respondent's harassment claim, he makes conclusionary accusations such as, "The situation is that of a serial SELF-HELP EVICTOR trying to evade her malevolent actions through the arch typical means of a punitive concocted harassment restraining order."

"An appellant challenging the sufficiency of the evidence to support the judgment must cite the evidence in the record supporting the judgment and explain why such evidence is insufficient as a matter of law. [Citations.] An appellant who fails to cite and discuss the evidence supporting the judgment cannot demonstrate that such evidence is insufficient." (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408.) By failing to cite and discuss the evidence supporting the restraining order, appellant has forfeited his challenge to the sufficiency of the evidence.

Appellant argues that respondent gave false testimony. But her testimony was corroborated by Lenny Dillon's testimony. "'The trial court was the trier of fact and the sole judge of the credibility of witnesses. We are not in a position to weigh any conflicts or disputes in the evidence. Even if different inferences can reasonably be drawn from the evidence, we may not

6

substitute our own inferences or deductions for those of the trial court.'" (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 106.)

As to appellant's other contentions, there is no "*meaningful legal analysis supported by citations to authority and citations to facts in the record* . . . ." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408, italics added.) Appellant cites authorities. Indeed, his opening brief is replete with lengthy quotations from authorities concerning general principles of law. But he fails to adequately explain how these general principles of law support his contentions. "[A] brief must contain '"meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error"' . . . or else we will deem all points 'to be forfeited as unsupported by "adequate factual or legal analysis."'" (*Fernandes v. Singh* (2017) 16 Cal.App.5th 932, 942-943.)

Appellant claims that the trial court committed various errors. But it is not enough to assert that errors were made. "[A]n appellant must show that the error was prejudicial to compel reversal. [Citation.] . . . 'To establish prejudice, a party must show "a reasonable probability that in the absence of the error, a result more favorable to [him] would have been reached." . . .'" (*Guardianship of C.E.* (2019) 31 Cal.App.5th 1038, 1054.) Appellant has not carried his burden of showing that the alleged errors prejudiced him.

### Disposition

The order denying appellant's special motion to strike and the judgment are affirmed. Respondent shall recover her costs on appeal.

NOT TO BE PUBLISHED.


                                        YEGAN, J.


We concur:



        GILBERT, P. J.



        BALTODANO, J.

William R. Redmond, Judge

Superior Court County of Ventura

_____


Sam Rotter, in pro. per., and for Defendant and Appellant.

Irma Navarrette, in pro. per., and for Plaintiff and Respondent.