Filed 7/14/25  Gonzalez v. Stanton CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ISAAC GONZALEZ,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MIASHA STANTON,<br><br>        Defendant and Appellant. | A169385<br><br>(Contra Costa County<br>Super. Ct. No. MSD1203291) |

Appellant Miasha Stanton (mother) appeals, in propria persona, from an October 25, 2023, minute order maintaining current custody orders and reserving jurisdiction on the issue of parental alienation.  In briefing that is largely in violation of the California Rules of Court, mother challenges the trial court's reliance on an allegedly "unauthorized report" (capitalization omitted) to support respondent Isaac Gonzalez's[1] (father) request for an order to ascertain minor son's preference for his living arrangements.  We affirm.

### BACKGROUND

We glean the following sequence of events from the "Case Summary" and truncated record on appeal.

---

[1] Gonzalez is also proceeding in propria persona.

In September 2022, the family court ordered the parties to attend Tier II mediation[2] and to return to court in February 2023. The parties attended, and the mediator prepared a report in advance of the February hearing. Mother does not state whether this report was provided to the court.

In January 2023, mother requested an order for her and father's children (minors) to see a therapist specializing in "Narcissistic Parental Alienation." At the February "Return After Tier II Mediation" hearing, the family court appointed counsel for the parties' son to investigate claims of parental alienation. (Capitalization omitted.) In May, the court issued another order appointing counsel and set a hearing for July.

In June, father filed a request for a change in orders. Specifically, he requested an order to " 'Meet with [minor son] to ascertain preferences as to living arrangements.' " As support for his request, father attached the "Tier [II] Mediator's report," which was prepared in advance of the February 2023 hearing and discussed interviews with minors.

In response, mother filed her own request for order, asking the court to impose sanctions for father's alleged violation of "a court rule" (capitalization omitted) by attaching the report. The report commences with a "Notice" which reads: "No person who has access to this document shall disseminate or disclose its contents to any person no [*sic*] entitled to access, nor shall the parties attach such a document to any pleading in this or any other litigation

---

[2] Tier II "referrals are for the purpose of gathering information. A judicial officer has the discretion to include any specific areas of inquiry in a Tier II referral including, but not limited to, contact with law enforcement, contact with Child Protective Services, and interviews with the child(ren) or other collateral contacts. A Tier II summary report shall be submitted to the court. The confidentiality of Tier II sessions is limited because a report is provided to the court." (Super. Ct. Contra Costa County, Local Rules, rule 5.17(b)(2).)

or proceeding. Substantial sanctions may be imposed upon any party who violates this order, whether intentionally, by mistake or inadvertence." (Some capitalization omitted.) In addition to sanctions, mother requested the "Tier [II] report be removed and placed in a sealed envelope marked confidential, or be removed from his filing." (Capitalization omitted.)

After an unreported October 25 hearing, the court issued a minute order stating, "After considering all testimony provided, the court orders that all current orders shall remain in full force and effect," the court "reserves on the issue of parental alienation," and "Petitioner/father shall make all efforts to remove any and all confidential documents from court filings and no longer attach any confidential documents." (Capitalization omitted.) Mother filed a notice of appeal from the minute order.[3]

## DISCUSSION

We first address the state of mother's briefing, in which she supplies just two citations to the record.[4] Thus, nearly every asserted factual statement in her statement of facts and argument sections is unsupported by any citation to the record. "Rule 8.204(a)(1)(C) of the California Rules of Court requires all appellate briefs to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.' It is well established that ' "[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]" ' [Citation.] This rule

---

[3] In an order issued January 22, 2025, after an extensive delay by mother in filing her opening brief, this Court rejected mother's contention she was entitled to yet more time to file her brief because minor's counsel had been ordered to submit a written order to the court but had never done so. The court ruled the minute order was sufficient for purposes of appeal.

[4] Mother filed only an opening brief.

3

applies to matters referenced at any point in the brief, not just in the statement of facts." (*Conservatorship of Kevin A.* (2015) 240 Cal.App.4th 1241, 1253.) It is not the function of the appellate court to comb through the record to substantiate a party's contentions. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 [" 'The appellate court is not required to search the record on its own seeking error.' [Citation.] Thus, '[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived.' "].) Given the paucity of citations to the record, we conclude mother has waived her arguments on appeal.

Furthermore, mother has failed to provide an adequate record on appeal. The October 25, 2023, hearing was unreported, and mother has not provided a settled statement. Nor has she provided the recording of the hearing she purports to possess. Yet, the challenged minute order states the court made its orders "after considering all *testimony* provided." (Italics added & capitalization omitted.) And while the minute order mentions "confidential documents," it does not mention the Tier II report. (Capitalization omitted.) Thus, mother has not provided a record sufficient to demonstrate the trial court erred or abused its discretion in any way. Indeed, given the state of the record, mother cannot show the trial court inappropriately relied on the Tier II report,[5] or even read the report, in connection with father's request for order.

The "cardinal rule of appellate review" is that "a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively

---

[5] We note the local rules state the "Tier II summary report shall be submitted to the court," which suggests the court had already seen the report. (Super. Ct. Contra Costa County, Local Rules, rule 5.17(b)(2).)

4

shown.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. . . .'  ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." '  [Citation.]  'Consequently, [appellant] has the burden of providing an adequate record.  [Citation.]  Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' "  (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)  Accordingly, mother's appeal fails for lack of an adequate record, as well.

The consequence of an inadequate record is well illustrated by mother's claim that the Tier II report was an "unauthorized report" containing "hearsay" and therefore the trial court should have struck it.  (Capitalization omitted.)  She calls the report "essentially a declaration disguised as a report," asserts it is "well established" declarations constitute inadmissible hearsay, contends the "procedures applied, or in reality not applied by the court," allowed the "admission of declarations in lieu of direct testimony," and thus "allowed the court to become inadvertently biased."  However, the record mother has supplied does not show the trial court relied on the report, or even read it, in connection with father's request for order.  Further, mother has not supported her argument with any pertinent legal analysis; rather, she spends eight pages of her brief quoting various statements of law untethered to any argument.  This is insufficient to establish error or abuse of discretion.  (See *Fernandes v. Singh* (2017) 16 Cal.App.5th 932, 942–943 ["a brief must contain ' "meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error" '

. . . or else we will deem all points 'to be forfeited as unsupported by "adequate factual or legal analysis" ' "].)

We also note that while mother complains the trial court failed to sanction father for his alleged mishandling of the Tier II report, California Rules of Court, rule 5.14, does not *require* a court to impose sanctions. Rather, it states, "the court *may* order a person, after written notice and an opportunity to be heard, to pay reasonable monetary sanctions to the court or an aggrieved person, or both, for failure without good cause to comply with the applicable rules." (Cal. Rules of Court, rule 5.14(c), italics added.) Again, mother has presented no record that suggests the court erred or abused its discretion in choosing not to impose sanctions in this case.

## DISPOSITION

The order is AFFIRMED. Costs on appeal to respondent.

_____
Banke, J.

We concur:


_____
Humes, P.J.


_____
Langhorne Wilson, J.

A169385, Gonzalez v. Stanton