Filed 9/19/23  Jacobs v. Ritchie CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JESSICA JACOBS,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>STEVEN RAY RITCHIE,<br><br>　　　Defendant and Appellant. | B325951<br><br>(Los Angeles County<br>Super. Ct. No.<br>21STCV40908) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Helen Zukin and Craig D. Karlan, Judges. Affirmed.

Steven Ray Ritchie, in pro. per., for Defendant and Appellant.

Jessica Jacobs, in pro. per., for Plaintiff and Respondent.

————————————————

Steven Ray Ritchie, representing himself as he did in the trial court, appeals the judgment entered in favor of Jessica Jacobs after a bench trial at which the trial court found in favor of Jacobs (also self-represented) on her claim for unlawful detainer.  Ritchie contends he was denied his right to a jury trial, the court improperly treated the complaint for forcible detainer as one for unlawful detainer and the court's findings were not supported by substantial evidence.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Jacobs's Unlawful Detainer/Forcible Detainer Action and the Parties' Conflicting Versions of Events*

On November 5, 2021 Jacobs filed her complaint for forcible detainer or, in the alternative, unlawful detainer, and on April 21, 2022 the operative first amended complaint against Ritchie, using Judicial Council of California approved form UD-100.  The property at issue is an undeveloped lot in Topanga Canyon located at 1870 Old Topanga Canyon Road.

In the operative pleading Jacobs averred that an earlier unlawful detainer action had been dismissed because there was no lease agreement between her and Ritchie and then a forcible detainer action had been dismissed because there possibly was a lease agreement.  Accordingly, Jacobs alleged, "In an abundance of caution, Plaintiff served Defendant with a 3 day notice to quit for unlawful detainer and 5 day notice to quit for forcible detainer."  Jacobs also alleged that she believed Ritchie had forged a lease document and, "even if it were authentic, it would be void against Plaintiff's recorded deed," citing Civil Code section 1214.  With the amended complaint Jacobs filed Plaintiff's Mandatory Cover Sheet and Supplemental Allegations—

2

Unlawful Detainer, using Judicial Council mandatory form UD-101.

Declarations were attached to the operative complaint from Lauren Goldman (Ivester),[1] who owned the property from late 2019 to August 2020, and Chantal von Wetter, a real estate agent who negotiated a sales contract between Ivester and Jacobs, who owned a neighboring property. According to Ivester, she and Ritchie (a former boyfriend) had attempted to negotiate a lease agreement, but no lease was signed because Ritchie never provided the required $25,000 deposit. During the negotiations Ivester sent Ritchie the signature page of a draft lease "as a confirmation that I was willing to lease it to him if he brought the $25,000 to my office. He never did." Although Ivester did not meet with, or speak to, Jacobs during the sale transaction, she did confirm in writing prior to the purchase that there was no lease agreement for the property. For her part, von Wetter stated that Jacobs told her Ritchie was claiming an interest in the property. The agent asked Ivester about the claim and was told Ritchie had no ties to the property. However, von Wetter suggested to Jacobs that she ask Ritchie to produce the lease for her inspection.[2]

On July 21, 2022 Ritchie moved to relate what he described as the pending unlawful/forcible detainer action with the other actions between the parties and to declare Jacobs a vexatious litigant. Ritchie's version of events was set forth in a declaration

---

[1]    To be consistent with the parties' and the trial court's usage, we refer to Lauren Goldman by her former name, Ivester.

[2]    Ritchie's answer to the first amended complaint, filed May 2, 2022, is not included in the record on appeal.

3

attached to the motion. According to Ritchie, he purchased the property at issue. Before the close of escrow Ritchie borrowed the purchase money from Ivester, and they agreed to have title placed in her name as collateral. Thereafter, he and Ivester agreed to execute a 20-year lease at $1 per year with an option for Ritchie to purchase the property for $50,000 or to repay the loan within the 20-year lease period. They both signed the lease in January 2020. In March 2020 Ritchie moved onto the land and started developing it. In August 2020, because "Ivester was angry that I had been with another woman," Ivester notified Ritchie she had sold the property and was evicting him.

    2. *The Requests To Set a Trial Date*

Jacobs filed a request to set the case for trial on May 3, 2022.[3] Ritchie on May 5, 2022 filed a counter-request to set the case for trial and requested a jury trial.

Jacobs on June 6, 2022 filed a document titled Request to Review Case Assignment, which identified two other cases between Jacobs and Ritchie (one for unlawful and forcible detainer, which had been dismissed; the second for ejectment and quiet title, which was still pending), explained the difficulty she and Ritchie were encountering in having the action heard, and asserted the only issue to be considered was the validity of Ritchie's lease document. Jacobs again requested the matter be set for trial.[4]

---

[3]     Ritchie did not include Jacobs's request in his designation of the record on appeal.

[4]     On June 23, 2022 Ritchie filed an answer to Jacobs's June 6, 2022 request to the court, which he combined with a motion to dismiss Jacobs's "unlawful/forcible detainer

4

On July 27, 2022 Jacobs filed an ex parte application to set trial. The document explained (as a "clarification on forcible detainer action") that the only matter at issue was the existence and validity of the lease that Ritchie claimed existed for the property.

On July 28, 2022, with both parties present, the court granted the ex parte application in part and set the matter for a nonjury trial on September 7, 2022. The case was transferred to a new department after Jacobs timely filed a peremptory challenge under Code of Civil Procedure section 170.6, and the trial date was thereafter continued to October 26, 2022.

3. *The December 8, 2022 Amended Order After Hearing*

According to the seven-page amended order after hearing filed December 8, 2022,[5] at the bench trial both parties appeared in propria persona, submitted documents and made arguments regarding the evidence.[6] The court found in favor of Jacobs on her claim for unlawful detainer against Ritchie.

---

petition." (The proof of service simply referred to the document as a motion to dismiss unlawful detainer.)

[5] On November 22, 2022 the trial court filed its original order after hearing. Although attached to Ritchie's case information statement, the November 22 order was not designated for inclusion in the record on appeal. The amended order was issued following Ritchie's filing of a motion for new trial or alternatively for correction of record and an ex parte application for reconsideration or in the alternative to correct the record.

[6] The record on appeal does not include a reporter's transcript from the trial or an agreed or settled statement, and Ritchie did not designate any minute orders from the trial that may have identified who testified and what documents were introduced into evidence.

Summarizing the background facts, the court stated Ivester and Ritchie had been in a multi-year romantic relationship that ended in November 2019. On or about December 24, 2019 Ivester purchased the subject property for $75,000. After Ivester purchased the property, Ritchie took possession of it. Ivester sought to evict Ritchie in mid-August 2020 and two weeks later sold it to Jacobs and her husband. Ritchie claimed to have a valid and enforceable 20-year lease with Ivester that provided for an annual rent of $1 and granted him an option to purchase the property for $50,000. The court observed that it was undisputed that Ritchie had not recorded the purported lease and did not provide a copy of it to Jacobs prior to her purchase of the property.

The amended order stated Jacobs testified she was aware Ritchie was occupying the property before she purchased it and inquired about his rights with Ivester, Ivester's listing agent and Ritchie. Ivester and the agent said there was no lease; Ritchie said there was but claimed he had lost his only copy of it. Ritchie testified he and Ivester had executed the 20-year lease and acknowledged he was unable to provide Jacobs a copy of it when she asked. His friend Dexter Woods testified he saw a copy of the executed lease when he moved into a trailer previously occupied by Ivester.

In its rulings the court first rejected Ritchie's contentions that Jacobs's action was only for forcible detainer and the court's original order had improperly analyzed the claim as one for unlawful detainer. The court noted the original complaint and amended complaint both identified the cause of action as forcible detainer or, in the alternative, unlawful detainer, and Ritchie's answer to the amended complaint referred to it as one for

6

unlawful detainer and included allegations that "sound in unlawful, not forcible[,] detainer, such as his assertion that Jacobs' claim was based on his alleged failure to pay rent." The court found that Ritchie "was fully aware this case concerned allegations of unlawful detainer and has waived any argument that this action should be narrowly construed to only assert claims of forcible detainer by failing to raise this objection prior to or during trial."

Turning to the existence of the lease, the court found the testimony of Ritchie's friend that he happened to see a fully executed copy of the lease in his trailer not credible[7] and Ritchie's testimony concerning the lease unpersuasive. Accordingly, it ruled Ritchie had not carried his burden of proving there was a lease. As a result, Jacobs established the elements of her unlawful detainer action by showing Ritchie continued in possession of the property after the termination of Ivester's ownership and without the consent of Jacobs, citing *Marquez-Luque v. Marquez* (1987) 192 Cal.App.3d 1513, 1518.

The court then ruled, even if there had existed a valid lease, it would be unenforceable as to Jacobs pursuant to Civil Code sections 1214 and 1217[8] because it had not been recorded

---

[7]    The court cited testimony that the trailer had been professionally cleaned before the friend moved in and no copy of the lease was found at that time.

[8]    Civil Code section 1214 provides, "Every conveyance of real property or an estate for years therein, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the

before Jacobs acquired the property and recorded title and Jacobs did not have actual or constructive notice of the lease, having made a good faith effort to determine the veracity of Ritchie's claim to own a leasehold interest.

Judgment in favor of Jacobs was entered December 16, 2022. Ritchie filed a premature notice of appeal on December 1, 2022, following the court's initial order after hearing but before the court amended its order in response to Ritchie's motions. We treat the notice as filed immediately after entry of judgment. (Cal. Rules of Court, rule 8.108(d)(2).)

## DISCUSSION

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." [Citation.] "'A necessary corollary to this rule is that if the record is inadequate

---

title, unless the conveyance shall have been duly recorded prior to the record of notice of action."

Civil Code section 1217 provides, "An unrecorded instrument is valid as between the parties thereto and those who have notice thereof."

8

for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.'" [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; accord, *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [to overcome presumption on appeal that an appealed judgment or order is presumed correct, appellant must provide an adequate record demonstrating reversible error]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 ["[i]t is well settled, of course, that a party challenging a judgment has the burden of proving reversible error by an adequate record"].)

Here, Ritchie's inadequate designation of the record precludes meaningful review of two of the three issues he has raised on appeal (his right to a jury trial and the sufficiency of the evidence to support the trial court's findings), and the presumption of correctness requires that we affirm the judgment.

1. *Ritchie's Right to a Jury Trial*

Emphasizing he made a timely request for a jury trial (and had a fee waiver), Ritchie argues the trial court erred in setting the matter for a bench trial and contends denial of his right to a trial by jury requires reversal of the judgment in favor of Jacobs. According to Ritchie, Jacobs's numerous filings caused the court to overlook his request. Jacobs contends Ritchie waived his right to a jury trial, "agree[ing] (both in front of Judge Karlan and Judge Zukin) that the unlawful detainer issue of the lease would be a bench trial."

Citing Code of Civil Procedure section 631, subdivision (f), which explains the grounds for finding waiver of a party's request

9

for a jury trial, Ritchie notes the record on appeal does not include a written consent to waive trial by jury, as specified in subdivision (f)(2), or a minute order memorializing his oral consent in open court to waive a jury, as provided in subdivision (f)(3). But Ritchie acknowledged in his reply brief his consent to a bench trial, explaining, "[S]ince it was a forcible detainer action, Appellant did not pursue a jury trial as he would have done for a U.D. action, had he been properly and lawfully forewarned of one." And the case register included in the clerk's transcript reflects a minute order following a case management conference the month after Jacobs and Ritchie submitted their requests to set the case for trial, several minute orders entered after Jacobs filed her ex parte application to expedite trial setting and a minute order dated September 7, 2022 that identified the action as "non-jury trial." Any one of those minute orders, none of which was designated for inclusion in the record, might have satisfied the requirement for entry of an order confirming an oral jury waiver under section 631, subdivision (f)(3), and authorized conducting a bench trial.

The incomplete record is fatal to Ritchie's jury trial claim. As explained in *Jameson v. Desta*, *supra*, 5 Cal.5th at page 609, if matters could have been presented in the trial court that would have justified proceeding as the court did, we are obligated to presume in support of the judgment that they were. It was Ritchie's burden to affirmatively demonstrate error by an adequate record. He failed to carry that burden.

10

2. *The Trial Court Properly Adjudicated Jacobs's Complaint As Alleging a Cause of Action for Unlawful Detainer*

In overlapping arguments Ritchie contends he was deprived of a fair opportunity to prepare a defense because Jacobs alleged a cause of action for forcible detainer but tried an action for unlawful detainer and the trial court abused its discretion in treating the lawsuit as one for unlawful detainer. As the trial court ruled, the record belies Ritchie's claim he was unaware of the issues that would be tried.[9]

Jacobs's amended complaint was on the Judicial Council approved form for unlawful detainer actions and attached notices to quit for both unlawful detainer (three days) and forcible detainer (five days). In her amended complaint and various other filings, Jacobs explained she was seeking relief in the alternative for unlawful and forcible detainer. Ritchie recognized the alternative nature of Jacobs's pleading when he moved to dismiss "Plaintiffs [*sic*] Unlawful/Forcible Detainer Petition" in June

---

[9]     As part of his argument that the trial court abused its discretion in trying Jacobs's case as one for unlawful detainer, Ritchie notes a prior unlawful detainer action filed by Jacobs had been dismissed and was on appeal. Ritchie contends it was improper to proceed with another unlawful detainer action under those circumstances. Because of the sparse record before us, we are unable to determine whether Ritchie timely raised this argument in the trial court. Moreover, Ritchie fails to address Code of Civil Procedure section 1176, subdivision (b), which provides a new cause of action for unlawful detainer is not barred by the appeal of a prior action. Because the earlier unlawful detainer lawsuit is not included in the record on appeal, we are unable to determine the applicability of this provision to the case at bar.

11

2022 and his motion to relate cases a month later. The trial court also noted that in his answer to the amended complaint (which was not included in the record on appeal), Ritchie made assertions that sounded in unlawful, not forcible, detainer. Moreover, throughout this proceeding the only issue was whether a valid and enforceable lease existed giving Ritchie a right to possession of the property. Ritchie had ample notice of that question and apparently presented testimony and documentary evidence at trial to support his claim.

3. *Ritchie Forfeited His Substantial Evidence Claims*

A tenant is guilty of unlawful detainer when he or she continues in possession of property without a valid lease or agreement and without the permission of the landlord. (See Code Civ. Proc., § 1161.1.) In defense to Jacobs's claim of unlawful detainer, Ritchie argued in the trial court that he and Ivester had entered a 20-year lease (with an option to buy) that gave him a right to continued possession of the property. Evaluating the evidence before it and weighing the credibility of the witnesses, the trial court determined Ritchie failed to carry his burden of proof in establishing the validity of the lease.

Challenging the trial court's analysis, Ritchie contends Jacobs presented insufficient evidence to support her claim for unlawful detainer. As discussed, the record on appeal does not contain a reporter's transcript from the evidentiary hearing or an agreed or settled statement. Other than the trial court's summary of the testimony and other evidence as recited in its amended order after hearing, we simply do not know what happened at trial.

Because there is no record of the oral proceedings at trial and nothing else in the record on appeal to indicate what

12

evidence was before the trial court, Ritchie has forfeited any claim the findings necessary for the judgment in favor of Jacobs are not supported by substantial evidence.  (See *Fernandes v. Singh* (2017) 16 Cal.App.5th 932, 941 [appellant could not challenge a finding by the trial court for lack of substantial evidence because there was "no reporter's transcript of the trial"]; *People ex rel. Harris v. Shine* (2017) 16 Cal.App.5th 524, 533 [absence of a reporter's transcript generally prevents review of a substantial evidence argument]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["[w]here no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct as to all evidentiary matters*"]; see generally *Jameson v. Desta*, *supra*, 5 Cal.5th at p. 609 ["""if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed"""]; *Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935 ["Failure to provide an adequate record on an issue requires that the issue be resolved against appellant.  [Citation.]  Without a record, either by transcript or settled statement, a reviewing court must make all presumptions in favor of the validity of the judgment"].)

## DISPOSITION

The judgment is affirmed.  Jacobs is to recover her costs on appeal.

PERLUSS, P. J.

We concur:

FEUER, J.                              MARTINEZ, J.

13